UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRY SPICER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-0139-TWP-TAB |
| ) | |
| MICHAEL R. KREINHOPP, Sheriff, ) | |
| DEARBORN COUNTY LAW ENFORCEMENT ) | |
| CENTER, JOHN LANTER, Correction/Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Miami Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pretrial detainee at the Dearborn County Law Enforcement Center when the events that form the basis of this complaint occurred, this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Given the foregoing, the following claims **shall proceed**:

The Eighth Amendment deliberate indifference to health and safety claim against defendant Officer John Lanter and Sheriff Michael Kreinhopp shall proceed. The plaintiff alleges that he suffers from diabetes and that while an inmate at the Dearborn County Law Enforcement Center, Sheriff Michael Kreinhopp had a policy and practice that allowed staff to administer insulin to inmates using needles that had previously been used on other inmates. He also alleges that Officer John Lanter administered insulin to him with a used needle.

In 2015, the Supreme Court found in regard to an excessive force, "a pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473-74 (2015).

A Michigan District Court examined the issue in relation to a deliberate indifference claim and analyzed which standard to use. The Michigan Court concluded, "after *Kingsley*, it is unclear whether courts should continue to use the Eighth Amendment's deliberate indifference standard to analyze inadequate medical care claims brought by pretrial detainees pursuant to the Due Process Clause." *Johnson v. Clafton*, 136 F. Supp. 3d 838, 844 (E.D. Mich. Southern Div., 2015). The 6th Circuit has continued to use the deliberate indifference standard in addressing claims of inadequate medical care by pretrial detainees. *See Linden v. Piotrowski*, —— Fed.Appx. ——, ———, 2015 WL 5603086, at *5 (6th Cir. Sept. 24, 2015); *Baynes v. Cleland*, 799 F.3d 600, 617–18

(6th Cir.2015). On the other hand, other circuits have questioned whether deliberate indifference is the proper standard in medical care claims in light of *Kingsley*. *Castro v. Cnty. Of Los Angeles*, 797 F.3d 654, 681 (9th Cir. 2015). However, this Court is not going to resolve this unsettled issue here because the allegations in the amended complaint are sufficient to proceed under either standard – deliberate indifference or objective unreasonableness.

### III.

All other claims and defendants are dismissed. The **clerk is directed to terminate** John and Jane Doe medical staff on the docket. The inclusion of unknown or unidentified individuals as defendants is often problematic because "it is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

The clerk is **designated** pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendants (1) Officer John Lanter, and (2) Sheriff Michael Kreinhopp in the manner specified by *Fed. R. Civ. P*. 4(d). Process shall consist of the amended complaint (docket 11), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV.

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt. 12] is **denied** as moot. The plaintiff's motion to proceed *in forma pauperis* in this action was granted on August 4, 2016.

The plaintiff's motion to appoint counsel [dkt. 13] is **denied as premature.** The filing fee has not been paid, the complaint has not been screened, and the defendants have not been served. In addition, the Seventh Circuit has found that "until the defendants respond to the complaint, the

plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

The plaintiff's motion requesting service of process by the Marshal [dkt. 14] is **denied**.

**IT IS SO ORDERED.**

Date: 11/29/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harry Spicer, #171663
Miami Correctional Facility-BH/IN
3038 West 850 South
Bunker Hill, IN 46914-9810

Sheriff Michael Krienhopp
Dearborn County Sheriff's Office
301 W. High St.
Lawrenceburg, IN 47025

Officer John Lanter
Dearborn County Sheriff's Office
301 W. High St.
Lawrenceburg, IN 47025

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**