UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRY SPICER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-0139-TWP-TAB |
| ) | |
| MICHAEL R. KREINHOPP, Sheriff, ) | |
| DEARBORN COUNTY LAW ENFORCEMENT ) | |
| CENTER, JOHN LANTER, Correction/Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Appointment of Counsel**

Plaintiff's second motion for appointment of counsel has been considered by the Court. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel for indigent litigants. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

As noted, litigants requesting assistance from the Court to secure must show as a threshold matter that they made reasonable attempts to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Plaintiff's motion

demonstrates that he has written to two attorneys seeking assistance. Both have declined his request. This is not enough for a "reasonable attempt." Plaintiff should continue his attempts to recruit counsel on his own and if he chooses to renew his request for the appointment of counsel at a later date, he should provide the Court with a list of the additional organizations and/or law firms he has contacted. In addition to informing the Court of how many attorneys he has written, he should provide the following information: 1) his educational background (how far he went in school); 2) whether he has any difficulty reading or writing English and, if so, what those difficulties are; 3) whether in filing this action he has received assistance and how much from any others, including fellow inmates; 4) whether he has filed any other *pro se* cases and, if so, where and what kind; and 5) whether he has any physical or mental disabilities.

Plaintiff's motion to appoint counsel, [dkt. 27], **is denied**.

**IT IS SO ORDERED**.

Date: 4/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Harry Spicer, #171663
Miami Correctional Facility-BH/IN
3038 West 850 South
Bunker Hill, IN 46914-981