UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| HARRY SPICER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-0139-TWP-TAB |
| | ) | |
| MICHAEL R. KREINHOPP, Sheriff, | ) | |
| JOHN LANTER, Correction/Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Defendants' Motion for Summary Judgment
And Directing Entry of Final Judgment**

**I. Introduction**

Plaintiff Harry Spicer was a pre-trial detainee at the Dearborn County, Indiana, Law Enforcement Center on January 22, 2015. A diabetic, Mr. Spicer took insulin shots in the jail. He alleges that Sheriff Michael R. Kreinhopp had a policy of using used needles on the jail's inmates, and that Correctional Officer John Lanter injected him with a used needle. He brings this 42 U.S.C. § 1983 against the Sheriff and Officer Lanter for damages. The time period for discovery has closed and defendants have moved for summary judgment contending there is no evidence to support Mr. Spicer's claims.

**II. Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P*. 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a

properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

### III. Undisputed Material Facts

Defendants submitted a statement of undisputed facts which Mr. Spicer has not opposed. Dkt. 46. These facts show that Mr. Spicer was booked into the Dearborn County Jail in 2014 and diagnosed with diabetes while in the jail. He started receiving diabetic treatment in the jail in December 2014. The jail's diabetes treatment policy calls for inmates to draw their own insulin medication and then inject themselves. Mr. Spicer understood the policy and had no trouble complying. The policy required inmates to be handed a sealed needle and a sealed vial of insulin. Occasionally, jail medical staff would perform the injection at the inmate's request, and Mr. Spicer has requested this service a few times, but had not requested it on the date in question.

On January 22, 2015, Mr. Spicer had been receiving insulin injections twice daily for just over a month. On this date, defendant Officer Lanter – not a medical staff employee – was

2

supervising the insulin administration. While Officer Lanter was writing down the data from another inmate's injection, Mr. Spicer took a needle and vial that he saw sitting in front of him and, without instruction from Officer Lanter, injected himself. Officer Lanter did not see this happen.

### IV. Discussion

A threshold matter concerns Mr. Spicer's response to the motion for summary judgment. Defendants served their motion on Mr. Spicer and provided him notice pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), of his rights and obligations to respond. *See* dkt. 47. *Lewis*, in short, warns non-movant *pro se* inmate litigants that they cannot ordinarily rest on their pleadings to support summary judgment. Mr. Spicer received two extensions of time in which to respond to defendants' motion for summary judgment, and on January 4, 2018, filed a one-page, two-sentence response: "I Harry Spicer believe there is enough evidence presented to continue to trial. I dispute the admissibility of the evidence relied on." Dkt. 60 (spelling and grammar error corrected for clarity).

Where the nonmoving party bears the burden of proof on an issue at trial, and where the motion challenges the non-moving party's ability to meet that burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e)(2); *see also Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The moving party need not positively disprove the opponent's case. He may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp.*, 477 U.S. at 325.

Southern District of Indiana Local Rule 56.1 governs summary judgment motions filed in this district and provides tools to manage the presentation of factual and legal issues in the motions. Defendants' motion and supporting evidence complied with the rule. In turn, Local Rule 56.1

required Mr. Spicer, as the non-moving party, to respond to defendants' properly supported summary judgment motion with a brief that includes a "Statement of Material Facts in Dispute." Local Rule 56.1(b). Of course, Mr. Spicer's response did not do so. Moreover, Mr. Spicer was required to point to specific portions of the record to support his bald contention that there is enough evidence to proceed to trial. Additionally, if there are problems with the admissibility of defendants' evidence, Mr. Spicer was obligated to point to that evidence and demonstrate the admissibility problems. He did not do so.

The Court now turns to the motion for summary judgment.

A. Claims against Officer Lanter

The undisputed evidence is that Officer Lanter did not tell Mr. Spicer to inject himself. Dkt. 45-2, ¶¶ 9-11 (affidavit of Officer Lanter); dkt. 45-3, p. 37 (deposition of Mr. Spicer). He did not hand Mr. Spicer an opened or used needle for injection. Dkt. 45-2, ¶ 11. The evidence is that Mr. Spicer saw a needle and insulin and injected himself without instruction or direction from Officer Lanter. Dkt. 45-3, pp. 31-39. On this evidence, with nothing to rebut it, Officer Lanter is entitled to summary judgment. Officer Lanter's actions do not constitute either deliberate indifference to Mr. Spicer's serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), or an objective unreasonableness to those needs. *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473-74 (2015).

B. Claims against Sheriff Kreinhopp

Mr. Spicer's claims against Sheriff Kreinhopp are that as Sheriff, he maintained a policy of using previously used hypodermic needles on jail inmates. The record is devoid of any evidence suggesting such a policy, either express or *de facto*, existed. If what Mr. Spicer contends happened, and the Court assumed it did because the record is viewed in a light most favorable to the non-movant, the act of Mr. Spicer self-injecting himself with a used needle one time, not at the direction

or supervision of a Correctional Officer, is an isolated incident. It is not an existing custom, policy, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).

Defendants provide their policy on medication administration, dkt. 45-1, pp. 3-7, and the affidavit of Kelley Hogg, the jail's registered nurse medical assistant, dkt. 45-1, pp. 1-2. Hogg disputes the existence of a policy allowing the use of a used needle to administer insulin, dkt. 45-1, ¶ 13, and the written policy, of course, contains no such policy. *See* dkt. 45-1, pp. 3-7. Mr. Spicer has provided nothing to the contrary. Accordingly, Sheriff Kreinhopp is entitled to summary judgment on this claim.

## V. Conclusion

Sheriff Kreinhopp and Officer Lanter's motion for summary judgment, dkt. [45], is **granted** for the reasons explained above. The motion disposes of all claims in this action. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 4/3/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harry Spicer
171663
Miami Correctional Facility - BH/IN
3038 West 850 South
Bunker Hill, IN 46914-9810

Electronically Registered Counsel